## EDWARD MUNDY *versus* JOHN SARGENT
### January 9, 1838

Edward Mundy, in propria persona.
. . . . . . Morgan, attorney for defendant in certiorari.

[INDORSEMENT]
Edward Mundy
vs.
John Sargeant
In Error

[OPINION]

Edward Mundy
vs.
John Sargeant

} Sup. Ct. Second Cir. Jan. Tr. 1838.

Certio. to Justice of the Peace.

By return of Justice it appears—

That original action was commenced by warrant Feb. 1834 before Justice Thompson, Co. of Jackson, on application of Justice Goodwin—

Both parties resided out of Co. of Jackson—

Plf. & Deft. resided in Co. of Washtenaw—

The Deft. plead in Abatement "that he was a resident of Washtenaw Co. Mich. that he was sued out of the Co. in which he resided without proof to the Justice, that the Plf. was in danger of losing his debt or that Deft. was about to remove from the Co. of Jackson.

The plea overruled—Justice decided on the ground that Deft. residing out of Co. in which action was brought, was a *non resident*, within meaning of the Statute—

A question was also made, touching authority of Goodwin, to appear for Plf. Not necessary to decide that question here— First point perfectly clear—

By our Statute, no person may be proceeded against, except by warrant, out of the Co. in which he resides—

By 41. Sec. Justice Act. it is provided that no person who is a resident of Michigan shall be sued out of the Co. in which he resides, unless it be by warrant obtained on the *same* proof as warrants are obtained where both parties are residents of same Co.—

By 6th Sec. same Act it is provided that any person his Att$^y$ &$^c$ applying for warrant, shall prove to the satisfaction of the Justice—*One* of two things, that the Deft. is about to

*remove* from the Co. *or* that the Plf. will be in danger of losing his debt &c unless the process ags<sup>t</sup> Deft. be by warrant—

The Stat. evidently, requires the same proof in cases where warrants are applied for ags<sup>t</sup> Deft. *out* of Co. in which he resides, as would be, where he proceeded ags<sup>t</sup> in Co. in which he resides—

The reason is apparent—were otherwise might be continually embarrassed by arrests, when going out of their Co<sup>s</sup> on business—

The same reasons apply to both cases—

The reason, for which a warrant is granted is in our case, when Deft. is about to remove—is that Plf. may not be put to inconvenience of going into another County or out of the State perhaps, to collect his debt of Deft. The Plf. need not lie by & see Deft. remove his person & effects, out of Co.

So, if Deft. be making such disposition of his property, as would endanger Plf's debt unless he proceed forthwith, he is enabled by the Stat., to take warrant, & arrest the Deft. at once—

Was there proof in this case of *either* fact which authorizes Justice to issue warrant?

Goodwin as ag<sup>t</sup> of Plf. applied for warrant, & on oath testified to Justice, that he was not afraid of Defts. responsibility but that he was about to *leave* the Co. not *remove*.

The Justice decided on the ground, that the Deft. not living in Co. of Jackson where action was brought, was a ["]*non resident*" he so returns expressly—

This was clearly erroneous—the judg<sup>t</sup> of the Justice must therefore be reversed & the Plf. in Error recover his costs—